UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BP AERO ENGINE SERVICES, LLC<br>and BP AERO CORP,<br>    Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES SMALL BUSINESS<br>ADMINSTRATION; Isabel Casillas Guzman,<br>in her official capacity as Administrator of the<br>Small Business Administrator; and Janet<br>Yellen, in her official capacity as United States<br>Secretary of Treasury, and the United States of<br>America,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No. _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

Plaintiffs BP Aero Engine Services, LLC and BP Aero Corp (collectively, "Plaintiffs"), file this Complaint against Defendants the United States Small Business Administration ("SBA"), Isabel Casillas Guzman in her official capacity as Administrator of the SBA, Janet Yellen in her official capacity as United States Secretary of Treasury, and the United States of America, and allege:

### I. INTRODUCTION

1.  This is an appeal of denial of loan forgiveness by the SBA in two separate but related decisions involving the Paycheck Protection Program ("PPP"). BP Aero Engine Services, LLC is 60% owned by Dennis Walsh and 20% owned by Michael Walsh. BP Aero Corp is 51% owned by Dennis Walsh and 44% owned by Michael Walsh. Unbeknownst to Dennis Walsh at the time Plaintiffs submitted the PPP applications, Michael Walsh had been convicted of a 2016 felony DWI and sentenced to eight years of probation. Because Michael Walsh had been convicted

1

of a felony within five years of applying for the loans, loan forgiveness was denied under the Interim Rule in effect at the time the applications were submitted.

2.      The Interim Rule relied upon by the SBA to deny forgiveness of both loans was modified shortly after it went into effect to limit the types of felonies mandating denial of loan forgiveness.  Under the Additional Eligibility Revisions to the Interim Rule, felony DWIs no longer disqualified a loan from forgiveness.  Importantly, the Additional Eligibility Revisions to the Interim Rule were to be applied retroactively, changing the requirements for PPP eligibility for all loans and forgiveness.  Yet, despite the clear retroactive application of the Additional Eligibility Revisions, the SBA denied loan forgiveness and, on administrative appeal, the ALJ committed clear error in not applying the Additional Eligibility Revisions to Plaintiffs.  For this reason, Plaintiffs have been forced to file this lawsuit.

## II.  PARTIES

3.      BP Aero Engine Services, LLC is a Texas Limited Liability Company duly organized and authorized to conduct business in the State of Texas. BP Aero Engine Services, LLC is located at 5260 Valley View Ln, Irving, Texas 75038-2724, which is located in Dallas County, Texas.

4.      BP Aero Corp is a Texas Limited Liability Company duly organized and authorized to conduct business in the State of Texas. BP Aero Corp is located at 5260 Valley View Ln, Irving, Texas 75038-2724, which is located in Dallas County, Texas.

5.      Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S.C. 633 § *et. seq.* Under the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020), the SBA administers the PPP. The SBA maintains a branch office at 150 Westpark Way, Ste. 130, Euless, TX 76040-3705, which is within the Fort Worth Division of the Northern District of Texas.

6. Defendant Isabel Casillas Guzman ("Guzman") is the Administrator of the SBA, a Cabinet-level position, and is sued only in her official capacity. Because she is the officer with the final authority for administering the PPP within the SBA, Administrator Guzman is a proper defendant for causes of action brought under the Administrative Procedure Act ("APA").

7. Authority to sue the Administrator is granted by 15 U.S.C. §634(b), which states, in part:

> In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter the Administrator may—(1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy . . . .

8. Defendant Janet Yellen ("Yellen") is the Secretary of the United States Department of Treasury, and is sued only in her official capacity.

9. Plaintiffs currently do not seek monetary relief, and seek only to restrain the actions of the Administrator and the Secretary in each of their official capacities and request only declaratory and injunctive relief under 5 U.S.C. § 701, *et seq.* in order to restrain the actions of the SBA, the Administrator, and the Secretary in each of their official capacities.

10. The United States of America is a sovereign nation dedicated to the protection of life, liberty, and property, as set forth in the Bill of Rights and other provisions and amendments to the Constitution of the United States of America.

### III. JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction of this action under 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court also has subject-matter jurisdiction under 5 U.S.C. § 706.

12. This court has personal jurisdiction over all Defendants in this action because Defendants regularly conduct business in the State of Texas and have engaged in the conduct alleged herein in Texas targeted toward Texas residents, business, and/or interests.

13. Authority for judicial review of agency action is further provided by 5 U.S.C. § 702, which states:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree may be entered against the United States: Provided, That any mandatory or injunctive decree shall specify the Federal officer or officers (by name or by title), and their successors in office, personally responsible for compliance. Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground; or (2) confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.

Defendant United States of America is a proper defendant in APA cases. *See* 5 U.S.C. § 702.

14. The request for declaratory relief is founded in part on Rule 57 of the Federal Rules of Civil Procedure as well as in 28 U.S.C. § 2201, the latter of which provides that:

> ". . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. . . ."

15. No other action, civil or criminal, is pending in any state court involving the Plaintiffs regarding the activities and events here.

16. Pursuant to 28 U.S.C. § 1391(b) or (e), venue in this Court is appropriate as Plaintiffs are located in the Northern District of Texas; the Small Business Administration and the

Treasury Department operate in the Northern District of Texas; and the injury complained of and acts causing that injury have occurred and will continue to occur in the Northern District of Texas.

## IV.     STATEMENT OF FACTS

### A.     The Paycheck Protection Program

17.    Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), in order to mitigate the economic devastation and mass unemployment caused by the Covid-19 Pandemic ("Covid-19"). Congress created the PPP to help accomplish that critical goal. The PPP authorized the SBA to guarantee hundreds of billions of dollars in loans to small businesses. PPP loans were to be made by private lenders with Congress pledging to forgive these loans provided that, among other things, the borrowers used most of the proceeds to pay employees' wages. *See* 15 U.S.C. § 636 (a)(36)(F).

18.    "The PPP is a new loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)). Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.*, 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (emphasis added). Section 1106 of the CARES Act "provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.* (citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811, 20,813-14 (Apr. 15, 2020)).

19.    The CARES Act was effective immediately and was not subject to the 30-day delay that is provided for in the APA. 85 Fed. Reg. 20811, 20811. The loan application deadline was June 30, 2020, which meant there was no time for notice-and-comment rulemaking. Congress

recognized the need for the ability to change and modify the program, however, so Congress still solicited comments from interested members of the public.

20. Under the initial requirement, a business was ineligible for a PPP loan if it had "[a]n owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony within the last five years." 85 Fed. Reg. 20811, 20812. In other words, any type of felony by a 20% owner was sufficient to disqualify the business from receiving a PPP loan.

21. Shortly after the Initial Rule took effect, Congress signed The Additional Eligibility Revisions to the Interim Rule modifying the requirements for PPP eligibility.[1] Congress stated:

> After further consideration, the Administrator, in consultation with the Secretary of the Treasury (the Secretary), has determined that a shorter timeframe for felonies that do not involve fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance is more consistent with Congressional intent to provide relief to small businesses and also promotes the important policies underlying the First Step Act of 2018 (Pub. L. 115-391). Therefore, Part III.2.b.iii. of the First Interim Final Rule (85 FR 20811, 20812) is revised to read as follows:
> b. Could I be ineligible even if I meet the eligibility requirements in (a) above?
> You are ineligible for a PPP loan if, for example:
> \*          \*          \*          \*          \*
> iii. An owner of 20 percent or more of the equity of the applicant is incarcerated, on probation, on parole; presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction; or has been convicted of a felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance within the last five years or any other felony within the last year; or 85 Fed. Reg. 36717, 36718 (2020).

---

[1] The Interim Final Rule was published and effective on April 15, 2020. 85 Fed. Reg. 20811. The Additional Eligibility Revisions to First Interim Final Rule was effective June 16, 2020 and published on June 18, 2020. 85 Fed. Reg. 36717.

In other words, under the Additional Eligibility Requirements, loan applicants were no longer disqualified based on owner's prior DWI.[2]

22. Importantly, Congress made the Additional Eligibility Revisions retroactive consistent with section 3(d) of the Paycheck Protection Program Flexibility Act of 2020. 85 Fed. Reg. 36717, 36718. "Section 3(d) of the Flexibility Act provides that the amendments relating to PPP loan forgiveness and extension of the deferral period for PPP loans shall be effective as if included in the CARES Act, which means the amendments are retroactive to March 27, 2020." 85 Fed. Reg. 36997, 36997. Thus, the regulations regarding felony convictions as set out in the Additional Eligibility Revisions to the First Interim Rule govern all PPP loans applied for on or after March 27, 2020.

**B.    Denial of Plaintiffs' Loan Forgiveness**

23. BP Aero Engine Services, LLC is 60% owned by Dennis Walsh and 20% owned by Michael Walsh and BP Aero Corp is 51% owned by Dennis Walsh and 44% owned by Michael Walsh.

24. Unbeknownst to Dennis Walsh, Michael Walsh had been convicted of a 2016 felony DWI and sentenced to eight (8) years of probation.

25. On April 13, 2020 and April 14, 2020, BP Aero Corp and BP Aero Engine Services, LLC submitted their PPP loan applications to their lender, Southside Bank.

26. On April 15, 2020, the SBA approved the PPP loan applications in the amounts of $197,592 (loan to BP Aero Engine Services, LLC) and $17,689 (loan to BP Aero Corp.).

27. On April 21, 2020, the PPP loan funds were disbursed to Plaintiffs.

28. Plaintiffs operated during the covered period.

---

[2] The eligibility provisions of the Interim Final Rule were further modified on June 26, 2020. 85 Fed. Reg. 38273. These were also made retroactive, and Plaintiffs qualify for loan forgiveness under the June 26 IFR, as well.

29. Plaintiffs have fewer than 500 employees.

30. Plaintiffs used their PPP loan proceeds as required by 15 U.S.C § 7(a)(36).

31. Michael Walsh was on probation at the time Plaintiffs submitted their PPP loan applications.

32. On December 7, 2020, Plaintiffs submitted their loan forgiveness application.

33. On November 23, 2021, Plaintiffs were denied loan forgiveness, on the basis that Michael Walsh was subject to a felony conviction within the past 5 years.

34. Plaintiffs filed a response to the denials.

35. On February 25, 2022, an SBA attorney filed a response to Plaintiffs' appeals explaining why BP Aero's appeal was denied. The SBA stated:

> Instead, [BP Aero] argues that it was not subject to the First IFR, which was applicable when Appellant applied for the PPP loan. (Dkt. 1, 11, Exhibit A) [BP Aero] claims that its eligibility for a PPP loan should have been reviewed under the IFR published on June 26, 2020, more than two months *after* its Application. (Dkt. 1, 11, Exhibit A) The June 26, 2020, IFR is entitled "Paycheck Protection Program – Additional Eligibility Revisions to First Interim Final Rule" ("June 26 IFR"). *See* 85 Fed. Reg. 38301.

36. On April 5, 2022, Plaintiffs received the United States Small Business Administration Office of Hearings and Appeals' ("OHA") Initial Decisions.

37. Plaintiffs tried to file their Request for Review by the Administrator but were informed by an SBA attorney that Request for Review by Administrator is no longer the appropriate appeal process.

38. OHA's Initial Decisions became final on May 5, 2022, thirty days after its service. 13 CFR 134.1211.

39. Throughout Plaintiffs' appeal process, they argued that the Additional Eligibility Revisions should be applied to them and their loans.

40. The June 18 IFR, 85 Fed. Reg. 36717, states explicitly that, "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive effect but does **have a limited retroactive effect** consistent with section 3(d) of the Flexibility Act." 85 Fed. Reg. 36717 (emphasis added).

41. The June 18 IFR is retroactive as to be consistent with section 3(d) of the Flexibility Act. 85 Fed. Reg. 38273, 38304. Section 3(d) states "[t]he amendments made by this section shall be effective as if included in the CARES ACT (Public Law 116-136) and shall apply to any loan made pursuant to section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) or section 1109 of the CARES Act." H.R. 7010 (2020). So is the June 26 IFR. The regulations regarding felony convictions as set out in the IFR published on June 26, 2020 are applied to all PPP loans applied for on or after March 27, 2020.

42. Plaintiffs appeals should have been granted. The SBA's final decision says "[n]owhere in the text of either Additional Eligibility Revisions is there mention of retroactive effect. 85 Fed. Reg. 36717-36719; 85 Fed. Reg. 38301-38304." SBA's Decisions on April 5, 2022 at Page 11. This statement is plainly incorrect in light of the above authorities and denial of Plaintiffs' loan forgiveness on this basis was the result of clear error.

## V. CAUSES OF ACTIONS

### COUNT I
### Agency Action Contrary to Law
### (4 U.S.C. § 706(2)(A) &(C))

43. Plaintiffs incorporate the paragraphs 1 through 42 as if fully stated herein.

44. The APA authorizes judicial review of federal agency actions. 5 U.S.C. § 702.

45. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." *Id.* at §§ 706(2)(A), (C).

46. The June 18 IFR, 85 Fed. Reg. 36717, states explicitly that, "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive effect but does **have a limited retroactive effect** consistent with section 3(d) of the Flexibility Act." 85 Fed. Reg. 36717 (emphasis added).

47. Similarly, the June 26 IFR, 85 Fed. Reg. 38273, states explicitly that, "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden. The rule has no preemptive effect but does **have a limited retroactive effect** consistent with section 3(d) of the Flexibility Act." 85 Fed. Reg. 38273 (emphasis added).

48. Section 3(d) of the Flexibility Act, H.R. 7010 (2020) states:

> (d) Effective Date; Applicability.
> The amendments made by this section shall be effective as if included in the CARES Act (Public Law 116-136) and shall apply to any loan made pursuant to section 7(a)(36) of the Small Business Act (15 U.S.C. 636(a)(36)) or section 1109 of the CARES Act.

49. Additionally, SBA has applied other PPP regulations retroactively. In *Auto Money North LLC v. United States Small Business Administration et el¸* 7:22-CV- 001455-DCC (S.C. D.Ct. May 5, 2022), the SBA applied the Exclusion Rule retroactively to an approved PPP borrower.

50. It is undisputed that Plaintiffs have been qualified since the June 18 IFR were published. Plaintiffs' Initial Decisions at Page 9. Therefore, Plaintiffs were eligible for PPP loan forgiveness at the time they applied for forgiveness.

51. Defendants' actions in refusing to apply the retroactive language that is set out in both the June 26 IFR and the June 18 IFR to determine that Plaintiffs were ineligible for their PPP Loan forgiveness are not in accordance with the law, including the CARES Act, the APA, and the Interim Final Rule itself. Plaintiffs are entitled to an order declaring the same.

52. Plaintiffs are entitled to a permanent injunction enjoining Defendants from applying the April IFR to Plaintiffs and an order requiring the SBA forgive Plaintiffs' PPP loans.

## COUNT II
### Arbitrary & Capricious Agency Action
### (4 U.S.C. § 706(2)(A))

53. Plaintiffs incorporate the paragraphs 1 through 52 as if fully stated herein.

54. The APA authorizes judicial review of federal agency action. 5 U.S.C. § 702.

55. The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious," or "an abuse of discretion." *Id.* at § 706(2)(A).

56. The disqualification requirement under the April IFR is no longer in effect and the Additional Eligibility Revisions apply retroactively.

57. In addition, courts have held the April IFR arbitrary and capricious because the April IFR did not adequately explain the criminal history exclusion.[3]

---

[3] *Defy Ventures, Inc. v. United States SBA*, 469 F. Supp. 3d 459, 475-76 (District Court Maryland, June 29, 2020) (The plaintiffs are likely to show that the SBA acted arbitrarily and capriciously in promulgating the April IFR and first June IFR because those rules contain no explanation for the criminal history exclusion. In the June IFR, which eased the exclusion, the Administrator explained "[a]fter further consideration, the Administrator, in consultation with the Secretary of the Treasury (the Secretary), has determined that a shorter timeframe for felonies that do not involve fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance is more consistent with Congressional intent to provide relief to small businesses and also promotes the important

58. Therefore, Plaintiffs' forgiveness should not be reviewed under the no longer in effect, arbitrary, and capricious IFR rule. 5 U.S.C. § 706(2)(A).

59. Plaintiffs are entitled to loan forgiveness under the CARES Act, the June 18 IFR, and the June 26 IFR.

## COUNT III
## Declaratory Judgment
## (28 U.S.C. § 2201)

60. Plaintiffs incorporate the paragraphs 1 through 59 as if fully stated herein.

61. Plaintiffs would qualify for loan forgiveness under both the June 18 IFR and June 26 IFR requirements, which apply retroactively. Plaintiffs' Initial Decisions at Page 9.

62. The SBA is refusing to apply the legally required retroactive effect of the June 18 IFR or June 26 IFR to Plaintiffs' loans.

63. A declaratory judgment from this Court that the Defendants may not exclude businesses from PPP eligibility based on the April IFR and June 18 IFR requirements, including loan forgiveness, while granting PPP benefits to other businesses that were ineligible under previous SBA guidelines will resolve this actual controversy.

64. Plaintiffs request that the Court enter a declaratory judgment pursuant to 28 U.S.C. § 2201, declaring that:

   a. Plaintiffs are eligible for loan forgiveness under the CARES Act;

---

policies underlying the First Step Act of 2018 (Pub. L. 115-391)."June IFR, 85 FR 36717-01. But the June IFR still did not explain the initial purpose of the criminal history exclusion, rather offering only a reason to ease it.) Similarly, while *Virginia Agr. Growers Ass'n, Inc. v. Donovan*, 774 F.2d 89, 92 (4th Cir. 1985) suggests that the court may obtain "supplementation of the administrative record," nothing in the opinion allows an agency to promulgate a rule without any explanation whatsoever, as was the case here. As the Supreme Court has recently stated, "[a]n agency must defend its actions based on the reasons it gave when it acted." *Dep't of Homeland Sec. v. Regents of the Univ. of California*, No. 18-587, 140 S. Ct. 1891, 207 L. Ed. 2d 353, 2020 U.S. LEXIS 3254, 2020 WL 3271746, at *11 (U.S. June 18, 2020). The plaintiffs have not demonstrated that they are likely to succeed on the merits of their arbitrary and capricious claims as to the June 24 IFR, which provides a reasoned explanation for a more limited criminal history exclusion.).

    b.    Plaintiffs are eligible recipients under the CARES Act;

    c.    The SBA's attempt to deny loan forgiveness to Plaintiffs are an impermissible application of the law, contrary to the CARES Act and Interim Final Rule; and

    d.    The SBA must grant loan forgiveness of its loans to Plaintiffs.

## VI. REQUESTS FOR RELIEF

For these reasons, Plaintiffs respectfully request that the Court order the following relief:

    a.    Declare the SBA clearly erred in refusing to apply the June 18 and June 26 IFR to all PPP loans;

    b.    Declare that applying the April IFR to Plaintiffs is arbitrary and capricious;

    c.    Permanently enjoin the SBA from enforcing the April IFR against Plaintiffs, in determining forgiveness eligibility;

    d.    Order that the SBA forgive Plaintiffs' PPP loans;

    e.    Issue a declaratory judgment that Plaintiffs have met all requirements for loan forgiveness under the CARES Act; that Plaintiffs are an "eligible recipient" under the CARES Act; that the SBA's attempt to deny loan forgiveness to Plaintiffs are an impermissible application of law, contrary to the CARES Act and Interim Final Rule; and that the SBA must grant loan forgiveness to Plaintiffs;

    f.    Award costs and reasonable attorney fees to the extent permitted by law; and

    g.    Grant any other relief as this Court may deem proper.

Respectfully Submitted,

**WINSTEAD PC**

By: /s/ *Toby M. Galloway*
    Toby M. Galloway
    State Bar No. 00790733
    tgalloway@winstead.com
    300 Throckmorton Street, Suite 1700
    Fort Worth, Texas 76102
    Telephone No.: (817) 420-8200
    Facsimile No.: (817) 420-8201

**ATTORNEYS FOR PLAINTIFFS**